George M. Haley – UT 1302
David R. Parkinson – UT 8268
HOLME ROBERTS & OWEN LLP
299 South Main Street, Suite 1800
Salt Lake City, UT 84111
(801) 521-5800

Charles W. Douglas (*pro hac vice*)
Richard F. O'Malley, Jr. (*pro hac vice*)
Lisa A. Schneider (*pro hac vice*)
Neil H. Wyland (*pro hac vice*)
Todd L. Krause (*pro hac vice*)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Attorneys for Defendants Pfizer, Inc.,
G.D. Searle, LLC and Pharmacia Corporation

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BRIGHAM YOUNG UNIVERSITY, a Utah Non-Profit Educational Institution; and Dr. DANIEL L. SIMMONS, an individual,<br><br>      Plaintiffs,<br><br>vs.<br><br>PFIZER, INC., a Delaware Corporation, G.D. SEARLE & COMPANY, a Delaware Corporation, G.D. SEARLE LLC, a Delaware Limited Liability Company, MONSANTO COMPANY, a Delaware Corporation; and PHARMACIA CORPORATION, a Delaware Corporation,<br><br>      Defendants. | Case No. 2:06CV00890 DAK<br><br>**PROTECTIVE ORDER**<br><br>(Assigned to the Honorable Judge Dale A. Kimball) |

CH1 3875021v.1

IT IS HEREBY ORDERED that, pursuant to the Stipulated Motion for Protective Order between plaintiffs Brigham Young University and Dr. Daniel L. Simmons and defendants Pfizer Inc., G.D. Searle LLC (Pfizer contends that the Complaint was improperly captioned by the addition of named Defendant "G.D. Searle & Company"), and Pharmacia Corporation f/k/a Monsanto Company (Pfizer contends that the Complaint was improperly captioned by the addition of named Defendant "Monsanto Company"), the following procedures shall govern the handling, examination, review, and use of documents, testimony, and other discovery materials disclosed by the parties and party witnesses, including expert witnesses, during the course of pre-trial, trial, and post-trial proceedings in this action:

The following provisions shall control the disclosure, dissemination, and use of information in this case:

1.      Any document, or portion thereof, any type of evidence, and any form of discovery contemplated under Rules 26 through 36 of the Federal Rules of Civil Procedure ("discovery material") which, in the good-faith opinion of the party providing such material (the "producing party") contains any trade secret or other confidential or proprietary research, development, commercial or institutional information may be designated by the producing party as either "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" as defined in paragraph 2.  "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" (collectively or singularly referred to as "PROTECTED INFORMATION"), designated as such in accordance with this order, shall be filed under seal and shall be disclosed or made available only to persons permitted by paragraphs 4-5.

    (a) Any document or object designated as PROTECTED INFORMATION may be filed with the Clerk's Office and placed under seal by submitting it with a cover sheet containing (a) the caption for this action, (b) the title or description of the document or object; and (c) the words "CONFIDENTIAL -- FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL -- FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER."  Any document or object submitted with such a cover sheet will be maintained under seal by the Clerk's Office.

  2. Any discovery material that contains any trade secret or other confidential or proprietary research, development, commercial or institutional information may be designated by the producing party as CONFIDENTIAL INFORMATION.  The parties may designate any discovery material that contains especially sensitive confidential information as HIGHLY CONFIDENTIAL INFORMATION.  The HIGHLY CONFIDENTIAL INFORMATION designation shall be made in good faith and shall be reserved for confidential information that constitutes, reflects, or concerns trade secrets, know-how or proprietary data, business, financial or commercial information, the disclosure of which is likely to cause harm to the competitive position of the producing party or confidential information that is protected by a legally protected right of privacy.

  3. PROTECTED INFORMATION may be designated as subject to this Protective Order as follows:

    (a) With respect to documents or copies provided by one party to the other, by marking the initial page and the page or pages on which any PROTECTED INFORMATION appears with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  Other designations may also be used to identify the confidentiality of information providing their

3

meaning is clear.  For example, the designations "RESTRICTED CONFIDENTIAL", "CONFIDENTIAL—FOR COUNSEL ONLY" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" and CONFIDENTIAL—OUTSIDE COUNSEL ONLY" shall have the same meaning as HIGHLY CONFIDENTIAL as used herein.  To the extent practical, the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation shall be placed near the Bates number.

    (b) To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, Internet sites, discs, networks or tapes) ("Computerized Material") is produced by any party in such form, the producing party may designate such matters as confidential by cover letter referring generally to such matter. Whenever any party to whom Computerized Material designated as confidential is produced reduces such material to hardcopy form, that party shall mark the hardcopy form with the "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" designation.

    (c) In lieu of marking the original of a document which contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION prior to inspection, counsel for the producing party may in writing designate documents being produced for inspection as containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, thereby making them subject to this Order; however, any copies of such documents must be marked by the producing party in accordance with subparagraph (a) at the time copies are provided.

    (d) Testimony or information disclosed at a deposition may be designated by a party as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION

4

by indicating on the record at the deposition the specific testimony which contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION that is to be made subject to the provisions of this Order.  Whenever possible, the stenographic reporter shall be requested to separate those portions of the transcript containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and separately bind them from each other and from the non-confidential portions.  Alternatively, a party may designate testimony or information disclosed at a deposition as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION by notifying the other parties, in writing, within thirty (30) calendar days of receipt of the transcript of the deposition, of the specific pages and lines of the transcript that are to be designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.  Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody, or control. Whether or not designation is made at the time of a deposition, all depositions shall be treated as HIGHLY CONFIDENTIAL INFORMATION from the taking of the deposition until thirty (30) calendar days after receipt of the transcript, or until receipt of the notice referred to in this subparagraph, whichever occurs sooner.

Notwithstanding the foregoing, any employee of a party who is not authorized to receive PROTECTED INFORMATION under paragraphs 4-5 and who would otherwise be permitted to attend under the Federal Rules of Civil Procedure and Federal Rules of Evidence may attend a deposition at which PROTECTED INFORMATION may be disclosed. In such event, a party desiring to designate specific testimony or information as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION must do so by indicating on the record at the deposition that such testimony or information is subject to the provisions of this Protective

Order. The designating party shall have the right to exclude such persons from the deposition only during the period any PROTECTED INFORMATION is disclosed or discussed.

        (e)       In the case of responses to interrogatories, other discovery requests or responses, affidavits, briefs, memoranda, or other papers filed with the Court, information contained therein may be designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION by prominently marking such paper with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or a marking of like import.

        (f)       If a document has more than one designation, the more restrictive designation applies.

    4.    HIGHLY CONFIDENTIAL INFORMATION and any analysis or report containing HIGHLY CONFIDENTIAL INFORMATION may be made available to and inspected by:

        (a)       Outside counsel of record and its employees whose duties and responsibilities require access to such materials.

        (b)       Persons associated with the parties as follows:

            (1)       Up to three (3) specified in-house attorneys for Brigham Young University who now have responsibility for maintaining, defending or evaluating this litigation and their non-attorney immediate support staff whose duties and responsibilities require access to such materials.

            (2)       Up to three (3) specified in-house attorneys for-defendants who now have responsibility for maintaining, defending or evaluating this litigation and their non-attorney immediate support staff whose duties and responsibilities require access to such materials.

(3)   The three in-house attorneys for Brigham Young University are David Thomas, Michael Orme and Erik Davis. The three in-house attorneys for defendants are Stephen D. O'Sullivan, James M. Warner, and Michael Parini.

(4)   Dr. Daniel L. Simmons and Dr. Cecil O. Samuelson may inspect, either at the offices of outside counsel or at the offices of David B. Thomas, HIGHLY CONFIDENTIAL INFORMATION of a scientific or technical nature except for that created after 1995. Plaintiffs believe that Dr. Simmons and Dr. Samuelson should have access to HIGHLY CONFIDENTIAL INFORMATION of a scientific or technical nature created after 1995, however, in order to prevent further delay, plaintiffs agree not to provide such information to them absent defendants' consent or by order of the Court. Defendants believe that, with only limited exceptions, documents of a scientific or technical nature created after 1995 are irrelevant to the present dispute between the parties. Dr. Simmons and Dr. Samuelson may not inspect, either at the offices of outside counsel or elsewhere, HIGHLY CONFIDENTIAL INFORMATION of a financial nature.

(c)   Independent consultants and experts, and their staff, stenographic and clerical employees whose duties require access to such materials, retained by or for the parties and their counsel, including scientific and technical consultants, jury consultants and accounting or financial consultants or experts, who are employed to furnish expert or technical services or to give expert testimony with regard to this action and not otherwise affiliated in any way with a party. Plaintiffs are not to provide PROTECTED INFORMATION to (1) any past or present officers, employees, representatives or agents of Merck & Co., Inc. or any of its parents, subsidiaries, or affiliates or (2) any past or present officers, employees, representatives or agents

7

of Boehringer Ingelheim or any of its parents, subsidiaries, or affiliates without defendants' consent or upon order of the Court.

    (d) Vendors retained by or for the parties for preparing audiovisual aids, e.g., exhibits, models, graphics, and video-tapes for use in the court room, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, who are not current employees of any party to this litigation or of any direct competitor of any party to this litigation.

    (e) The Court, Court personnel and stenographic and video reporters engaged in proceedings incident to this action.

    (f) Outside document copying services and/or document coding or computerization services for the specific and limited purpose of providing photocopies or document coding or computerization services, who agree to be bound by this protective order.

    (g) Any person carrying on an insurance business who may be liable to satisfy all or part of any judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy any judgment.

  5. CONFIDENTIAL INFORMATION may be made available to and inspected by:

    (a) Individuals described in paragraph 4.

    (b) Additional attorneys employed by plaintiffs or defendants, whose duties and responsibilities require access to the materials and their employees whose duties and responsibilities require access to such materials.

    (c) Dr. Simmons and Dr. Samuelson.

6. As a condition precedent to disclosure of CONFIDENTIAL INFORMATION to any persons described in paragraph 5(b), he or she must sign the Declaration and Agreement to be Bound attached as Exhibit A to the Stipulated Motion for Protective Order.

7. As a condition precedent to disclosure of HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION to any persons described in paragraph 4(b), 4(d), 4(f) and 4(g), he or she must sign the Declaration and Agreement to be Bound attached hereto.  Staff, stenographic and clerical employees of the vendors need not each sign the Declaration and Agreement to be Bound so long as the vendors each execute the Declaration and Agreement to be Bound and each staff, stenographic and clerical employee receives the following confidential notice:

"I understand that material marked CONFIDENTIAL or HIGHLY CONFIDENTIAL is governed by a Protective Order and may not be copied, disclosed, distributed, discussed, used or retained except for the direct and immediate purposes of the litigation captioned BRIGHAM YOUNG UNIVERSITY and DR. DANIEL L. SIMMONS vs. PFIZER, INC., G.D. SEARLE & COMPANY, G.D. SEARLE LLC, MONSANTO COMPANY and PHARMACIA CORPORATION."

8. As a condition precedent to disclosure of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to the independent consultants and experts described in paragraph 4(c), he or she must sign the Declaration and Agreement to be Bound attached hereto. Staff, stenographic and clerical employees of the independent consultants and experts need not each sign the Declaration and Agreement to be Bound so long as they receive the confidentiality notice set forth in paragraph 7(a) and the independent experts and consultants each execute the Declaration and Agreement to be Bound.  At the conclusion of this litigation,

the parties will provide each other with a copy of all such Declarations and Agreements to be Bound so that each party knows who has had access to its PROTECTED INFORMATION.

9. The signing of this Protective Order or failure of a party, at the time it receives discovery materials designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to challenge or object to the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION designation shall not be deemed a waiver of its right to challenge or object to the designations at any later time. Any party may at any time challenge the designation of any discovery materials as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and may request permission to use or disclose information with the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION designation other than as permitted, pursuant to this paragraph by serving (by facsimile transmission) a written request upon counsel for the producing party before the date of the proposed disclosure. Such request shall specifically identify the PROTECTED INFORMATION sought to be disclosed. The producing party shall thereafter respond to the request in writing within ten (10) calendar days after receipt of same. Absent good cause shown, a failure to respond within such time shall constitute consent to the request. If, where consent has been withheld, and after a good-faith effort to resolve the dispute, the parties are unable to agree on the terms and conditions of disclosure, the matter may be submitted to the Court for resolution by the party seeking disclosure. The producing party shall have the burden of proving that its designation was appropriate. Disclosure shall be postponed until a ruling has been obtained from the Court.

10. Nothing in this Protective Order shall prevent a party from using PROTECTED INFORMATION at trial or during a hearing. However, the party using PROTECTED

INFORMATION must request (i) that the portion of the proceeding where use is made be in camera or protected from public disclosure to the maximum extent practicable and (ii) that the transcript of that portion of the proceeding be maintained under seal in accordance with paragraph 1(a) hereof, with access thereto limited to persons entitled to access under this Protective Order.  Refusal of the Court to grant these requests shall not preclude use of the PROTECTED INFORMATION at trial or during a hearing.

11. A document that contains or reveals PROTECTED INFORMATION may be shown to any person who the receiving party believes in good faith after reasonable inquiry was the originator, author or recipient of the document.  The substance of the document cannot be disclosed in any manner to the person or to anyone not entitled to have access to the document pursuant to this Protective Order to determine whether, in fact, the witness was the originator, author or recipient of the document.  In the event a document or the substance thereof is disclosed to a person who was not the originator, author or recipient of the document, the provisions of Paragraph 16 shall apply and the parties agree that disclosure pursuant to paragraph 16 shall not create a subject matter waiver of privilege.  A document may additionally be disclosed to any person if the producing party consents to such disclosure.  To the extent a witness did not author or receive the document, and the document was not previously known to that witness, consent will be provided by the producing party if the witness is a current employee of the producing party.

12. Notwithstanding the restrictions contained in paragraph 11, a witness at a deposition or trial may be shown any document that contains or reveals PROTECTED INFORMATION provided the receiving party has a reasonable basis for believing that the document was authored by, received by, or known to the witness, or provided that the producing

11

party consents to such disclosure.  Assuming a reasonable basis exists for believing that the document was previously known to the witness, the witness at a deposition or trial may be shown a document containing PROTECTED INFORMATION for the purpose of determining whether the document is known to the witness.  However, such a document will not be marked as an exhibit unless and until the witness confirms that the document was previously known to him or her and, in the even the document was not previously known to the witness, no further questions may be asked of the witness regarding that document.

       13.     Unless otherwise agreed, PROTECTED INFORMATION obtained from a producing party pursuant to pretrial discovery in this action, including any notes, memoranda or other similar documents relating thereto may be used and disclosed only for purposes of this action, and any appeals therefrom.  No party or person shall make any other use of any such PROTECTED INFORMATION, including but not limited to use for commercial or competitive purposes or use in any other legal proceeding, except as permitted by order of the Court.  No party or person shall make available, disclose or summarize PROTECTED INFORMATION to any persons, including the parties, other than to qualified persons under the terms of this Protective Order.  The parties agree that the producing party will suffer irreparable harm from the unauthorized disclosure or use of its PROTECTED INFORMATION.  Nothing in this Protective Order shall restrict any counsel from providing high-level status reports and advice to their client.

       14.     PROTECTED INFORMATION shall be maintained by the receiving party under the overall supervision of outside counsel.

15. Any person in possession of PROTECTED INFORMATION shall exercise reasonably appropriate care with regard to the storage, custody or use of such PROTECTED INFORMATION in order to ensure that the confidential nature of the same is maintained.

16. If PROTECTED INFORMATION is disclosed to anyone other than in a manner authorized by this Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the producing party and make every reasonable effort to retrieve such PROTECTED INFORMATION and to prevent further disclosure.

17. Nothing in this Protective Order shall be construed (a) as preventing a party from using or continuing to use any information that is or becomes publicly known through no unauthorized act or omission of such party, or (b) as preventing a party from using or continuing to use any information that is or becomes known to it if such information was or is lawfully obtained by such party other than through discovery of the producing party. Should a dispute arise as to any specific information or material, the party claiming that such information or material is or was publicly known or was lawfully obtained other than through discovery of the producing party shall have the burden of proving its claim.

18. Entering into, agreeing to and/or producing PROTECTED INFORMATION or otherwise complying with the terms of the Protective Order shall not:

(a) Operate as an admission by any party that any discovery material designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law.

CH1 3875021v.1

(b) Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an admission to any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be PROTECTED INFORMATION;

(c) Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or the evidence subject to this Protective Order;

(d) Prejudice in any way the rights of any party to seek a determination by the Court whether any discovery material or PROTECTED INFORMATION should be subject to the terms of this Protective Order;

(e) Prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly PROTECTED INFORMATION;

(f) Prejudice in any way the rights of any party to petition the Court for permission to disclose or use particular PROTECTED INFORMATION more broadly than would otherwise be permitted by the terms of this Protective Order; or

(g) Prevent any Designating Party from agreeing to alter or waive the provisions or protection provided for herein with respect to any particular discovery material designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION by that party.

19. The inadvertent or unintentional failure by a producing party to designate specific documents or materials as containing PROTECTED INFORMATION shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to such documents or materials. Upon notice to the receiving party of such failure to designate, the receiving party shall

cooperate to restore the confidentiality of the inadvertently disclosed information, without prejudice.

20. Nothing in this Protective Order shall prevent disclosure beyond the terms of this Order if the producing party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

21. Furnishing of documents (including physical objects) to the receiving party shall not constitute a waiver of the attorney-client privilege or work product immunity with respect to any document or physical object so furnished, if within ten (10) calendar days after learning of the inadvertent production, the producing party designates any such documents as within either the attorney-client privilege or work product immunity and requests return of any such documents to the producing party. Upon a reasonable request by the receiving party as to whether a document was inadvertently produced, the producing party shall have ten (10) calendar days to respond. The producing party's response shall: (1) state whether the document was or was not inadvertently produced, (2) if applicable, designate the document as within the attorney-client privilege or work product immunity, and (3) state whether return of the document is requested. Upon request by the producing party for return of any such documents designated as within either the attorney-client privilege or work product immunity, the receiving party immediately shall return to the producing party all copies of such documents, or shall immediately confirm in writing that all electronic copies of the documents have been deleted from electronic records and all paper copies of the documents have been destroyed. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity designation by filing an appropriate motion with the Court. In such a motion, the burden of establishing privilege shall remain on the party asserting the

privilege.  With respect to any documents produced or made available for inspection, no demonstration or proof of error, inadvertence, absence of negligence, or excusable neglect shall be required of the producing party in order for such party to avail itself of the provisions of this paragraph.  If a document or information has been used during a deposition, used at a hearing, identified in a pleading filed with the Court, identified in a pretrial order or interrogatory response, identified for use at trial, or disclosed to the Court, any claim of inadvertent production must be made within ten days of such use, identification or disclosure.

      22.     All materials designated as PROTECTED INFORMATION shall be used for the purposes of this litigation only.  All provisions of this Protective Order restricting the use of information obtained during discovery shall continue to be binding on the parties and all persons who have received information under this Protective Order, after the conclusion of this action, including all appeals until further Order of the Court, unless the parties otherwise agree in writing.  Within sixty (60) calendar days after the conclusion of this action, as to all parties, all documents, objects, and other materials produced or designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, including extracts and summaries thereof, and all reproductions thereof; shall be returned to the producing party or shall be destroyed, at the option of counsel in possession of such copies, except that outside counsel for each party may maintain in its files one copy of each pleading filed with the Court, each deposition transcript together with the exhibits marked at the deposition, one copy of trial or hearing transcripts, one copy of any exhibit used at trial, one copy of each piece of correspondence, and documents constituting work product which were internally generated based upon or which include PROTECTED INFORMATION.  Outside counsel need not purge its computer system or back-up tapes to eliminate PROTECTED INFORMATION.  In the event

CH1 3875021v.1

that outside counsel maintains such documents, it shall not disclose material containing any type of PROTECTED INFORMATION to another party or third party absent subpoena or court order.  Upon receipt of any subpoena for such information, the party receiving the subpoena shall immediately notify outside counsel for the producing party and provide a copy of the subpoena so that the latter may protect its interests.  If the materials are destroyed, counsel responsible for the destruction shall within seven (7) calendar days of such destruction certify to counsel for the producing party that destruction has taken place.  Insofar as the provisions of this and any other Order entered in this action restrict the communication and use of information, such Order(s) shall continue to be binding after the conclusion of this litigation except (i) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (ii) that a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of any such Order(s).

23. This Protective Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action.  Neither the agreement of the parties, nor the designation of any information, document, or the like as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, nor the failure to make such designation shall constitute evidence with respect to any issue in this action.

24. The terms of this Protective Order shall be applicable to any third party who produces information which is designated by such third party as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.  Nothing in this paragraph permits a party to designate as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION any information produced by a third party which that third party did not itself designate as CONFIDENTIAL INFORMATION or HIGHLY

CONFIDENTIAL INFORMATION, unless the third party has confidential information of a party that it is legally obligated to maintain as confidential.

25. Nothing in this Protective Order shall prejudice the right of any party, or any third party, to seek relief from the Court, upon good cause shown, from any of the restrictions provided above or to impose additional restrictions on the disclosure of any information or material.

26. This Court shall retain jurisdiction over the parties and this Protective Order for the purposes of compliance with and enforcement of its terms, and the final termination of this action shall not terminate this Protective Order or its terms.

27. Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

DATED this 7th day of June, 2007.

                BY THE COURT:

                _____
                Dale A. Kimball
                United States District Court Judge

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of June, 2007, I caused a copy of the foregoing document to be served by U.S. mail, first class postage prepaid, upon:

David B. Thomas
Office of General Counsel
Brigham Young. University
A-350 ASB
Provo, UT 84602

Leo R. Beus
L. Richard Williams
Timothy J. Paris
Stephen M. Craig
Adam C. Anderson
Lee M. Adeline
BEUS GILBERT PLLC
4800 North Scottsdale Road, Suite 6000
Scottsdale, AZ 85251

*Attorneys for Plaintiffs*


/s/ Patricia L. Gray_____

CH1 3875021v.1