George M. Haley – UT 1302
David R. Parkinson – UT 8268
HOLME ROBERTS & OWEN LLP
299 South Main Street, Suite 1800
Salt Lake City, UT  84111
Telephone:     (801) 521-5800
Facsimile:      (801) 521-9639
george.haley@hro.com
david.parkinson@hro.com

Charles W. Douglas (*pro hac vice*)
Richard F. O'Malley, Jr. (*pro hac vice*)
Lisa A. Schneider (*pro hac vice*)
Neil H. Wyland (*pro hac vice*)
Todd L. Krause (*pro hac vice*)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL  60603
Telephone:     (312) 853-7000
Facsimile:      (312) 853-7036
cdouglas@sidley.com
romalley@sidley.com
lschneider@sidley.com
nwyland@sidley.com
tkrause@sidley.com

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BRIGHAM YOUNG UNIVERSITY, a Utah Non-Profit Education Institution; and Dr. DANIEL L. SIMMONS, an individual,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　　vs.<br><br>PFIZER, INC., a Delaware Corporation, G.D. SEARLE & COMPANY, a Delaware corporation, G.D. SEARLE LLC, a Delaware Limited Liability Company, MONSANTO COMPANY, a Delaware Corporation; and PHARMACIA CORPORATION, a Delaware Corporation,<br><br>　　　　　　　　　　Defendants. | Case Number:  2:06CV890DAK<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br><br>Honorable Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |

Pursuant to Rule 37(a), Defendants move to compel Plaintiffs Brigham Young University ("BYU") and Dr. Daniel Simmons ("Dr. Simmons") (collectively "Plaintiffs") to timely produce documents responsive to Defendants' Third Request for Production of Documents (Exhibit 1).[1] Plaintiffs have refused to produce categories of documents relevant to Plaintiffs' own unsupported assertions, and have refused to produce complete, unredacted versions of handwritten notebooks or journals of Dr. Simmons. Defendants' attempts to meet and confer to secure the timely production of the requested documents have failed. Accordingly, Defendants must seek the Court's intervention to secure the production of relevant documents.

As set forth more fully in Defendants' Motion to Compel Production of Documents, Defendants bring this Motion to compel Plaintiffs to produce the following:

- Documents, including specifically transmittal letters and/or material transfer agreements, responsive to Request Nos. 17 and 18 of Defendants' Third Request for Production of Documents, which seek documents relating to the transfer of clones and biological materials to or from BYU and its faculty/employees during the time period of 1989-1995; and

- Complete, unredacted copies of the notebooks or journals from which Plaintiffs produced the pages of handwritten redacted notes found at BYU-35-0001A-0004A and BYU-18-1131A.

## ARGUMENT

I. **PLAINTIFFS SHOULD BE COMPELLED TO PRODUCE DOCUMENTS RESPONSIVE TO REQUEST NOS. 17 AND 18 OF DEFENDANTS' THIRD REQUEST FOR PRODUCTION**

Plaintiffs claim that the transmittal of certain clones and other biological materials were subject to certain field-wide restrictions. (Pls.' Supplemental Resp. to Interrog. No. 8, Ex. 2, at 6; *see also* Pls.' 2nd Supplemental. Resp. to Interrog. No. 8, Ex. 3, at 36.) Request Nos. 17 and 18

---

[1] The exhibits cited herein are those accompanying Defendants' Motion To Compel Production of Documents.

2

of Defendants' Third Request for Production of Documents seek documents relevant to test and challenge Plaintiffs' claim, which amounts to an assertion of some industry custom or practice.

Although how BYU's own employees conducted themselves could not be used to determinatively establish an industry-wide custom or practice concerning restrictions on the transfer of biological materials, their conduct as reflected in the requested documents might be highly relevant to establishing a lack of such a practice if BYU's own faculty and employees did not follow the claimed practice, or were inconsistent in the restrictions they imposed when transferring clones or biological materials. The documents requested are therefore relevant to test Plaintiffs' own claim of a field-wide practice and to provide Defendants with information needed to cross-examine any witness Plaintiffs put forth to testify concerning their claimed practice. Plaintiffs should not be allowed to wield the sword of a claimed industry practice while at the same time attempting to shield themselves from basic discovery needed by Defendants to test Plaintiffs' own assertions.

Plaintiffs have also raised the question of burden in producing the requested documents, but have put forth no substantiated facts to demonstrate that searching for responsive documents would present any legitimate burden at all.

Indeed, even from a quick review of documents Plaintiffs have recently produced in this case, it should be possible for Plaintiffs to easily identify those faculty at BYU who would be likely to have been involved in the transfer or receipt of biological materials during the time period of 1989-1995.

Specifically, Plaintiffs have produced Graduate Student Catalogues for the period of 1989-1995 that identify all active BYU faculty during that period and identify the areas of study

3

of each faculty member. Without limiting any other reasonable investigation Plaintiffs should perform to respond to Defendants' document requests, a brief review of these catalogues (excerpts of which are found at Exs. 12, 13, 14 and 15) indicates that at least the following professors specialize in areas such as genetics, molecular biology, biochemistry, microbiology or virology, and those specialties provide a good indication that that they may have responsive documents. A summary of such professors that Defendants have identified from particular Graduate Student Catalogues is as follows:

| **Professor/Specialty** | **1989-1991** | **1991-1993** | **1993-1994** | **1994-1995** |
|---|---|---|---|---|
| Robison, Laren R. | X | X | X | X |
| Park, Robert L. | X | X | X | X |
| Fairbanks, Daniel J. | X | X | X | X |
| Rowe, Mark J. | X | X | X | X |
| Jensen, Marcus M. | X | X | X | |
| Johnson, F. Brent | X | X | X | X |
| North, James A. | X | X | X | X |
| Sagers, Richard D. | X | X | X | X |
| Wright, Donald N. | X | X | X | X |
| Bradshaw, Willard H. | X | | | |
| Leavitt, Ronald W. | X | X | X | X |
| Murray, Byron K. | X | X | X | X |
| Farmer, James L. | X | X | X | X |
| Evans, R. Paul | X | X | X | X |
| Mangum, John Harvey | X | X | X | X |
| Robertson, Donald Lee | X | X | X | X |
| Zimmerman, S. Scott | X | | X | X |
| Simmons, Daniel L. | X | X | | X |
| Thwaits, Richard N. | | X | X | X |
| Andersen, William R. | | X | X | X |
| Smith, Marvin A. | | X | | |
| Vernon, Leo P. | | X | | |
| Woodward, Scott R. | | | X | X |
| Christensen, Merrill J. | | | X | X |
| O'Neill, Kim L. | | | X | X |
| Robison, Richard A. | | | X | X |

4

Certainly, Plaintiffs should be compelled to search for responsive documents within the files of at least the above-listed professors (and the professors' laboratories) and any others likely to have responsive information. Moreover, to the extent there was any discussion of creating any university-wide policies, guidelines or practices concerning the transfer or receipt of biological materials at BYU during the 1989-1995 timeframe, BYU should easily be able to identify the departments, such as the Technology Transfer Office at BYU, that would have been involved and to search any files that reasonably might contain responsive documents. All that Defendants ask is that Plaintiffs be required to produce the responsive documents located after a reasonable search of these and any other locations that are likely to contain responsive documents.

## II.  PLAINTIFFS SHOULD BE COMPELLED TO PRODUCE COMPLETE, UNREDACTED COPIES OF DOCUMENTS REDACTED FOR REASONS OTHER THAN PRIVILEGE

As set forth more fully in Defendants' Motion to Compel Production of Documents, Plaintiffs have produced certain notes of Dr. Simmons that were redacted for reasons other than privilege and represent only a selected portion of the notes from a larger notebook, journal or other document.

The parties and the Court have previously addressed the issue of documents redacted for reasons other than privilege. In fact, based upon Plaintiffs' own argument against the prior production of incomplete documents that were redacted for relevancy reasons, the Court previously ordered Defendants to produce unredacted versions of documents that had been previously produced in redacted form, to the extent the prior redactions were done for reasons other than privilege. (*See* Order Deeming Moot BYU's Motion for Re-Designation with Modifications, Ex. 18, at 2-3 & n.2.) Now, however, Plaintiffs have refused to follow the very

rule they insisted be imposed upon Defendants, i.e., Plaintiffs refuse to produce a complete, unredacted copy of the documents from which the redacted notes have been produced.

Beyond relevancy, which the Court, upon Plaintiffs' own request, has already determined was not a sufficient basis for redactions, the only basis Plaintiffs have offered to justify their refusal to produce the complete documents is that the notebooks or journals from which the redacted pages were produced are "personal."  However, any issue with the production of personal information can be alleviated by designating these documents as Highly Confidential under the Protective Order, thus limiting the group of people allowed to review the documents. Plaintiffs, however, have refused this offer.  (*See* October 10, 2008 Letter, at Ex. 8 at 1.)

From the cherry-picked sections Plaintiffs already produced, it is clear these notebooks contain responsive information.  Plaintiffs should be required to produce complete, unredacted copies of the entire notebooks, journals or other documents from which previously produced, redacted notes were copied.

WHEREFORE, for the reasons stated herein and in Defendants Motion to Compel the Production of Documents filed herewith, Defendants request that Plaintiffs be ordered to produce all documents responsive to Request Nos. 17 and 18 of Defendants' Third Request for Production of Documents and be ordered to produce a complete, unredacted and legible copy of the complete journals or notebooks from which the redacted documents BYU-35-0001A-0004A and BYU-08-1131A were previously produced.

Dated:  November 13, 2008.

Respectfully submitted,

/s/ David R. Parkinson
George M. Haley, UT – 1302
David R. Parkinson, UT – 8268
HOLME ROBERTS & OWEN LLP
299 South Main Street, Suite 1800
Salt Lake City, UT  84111
Telephone:     (801) 521-5800

Charles W. Douglas (*pro hac vice*)
Richard F. O'Malley, Jr. (*pro hac vice*)
Lisa A. Schneider (*pro hac vice*)
Neil H. Wyland (*pro hac vice*)
Todd L. Krause (*pro hac vice*)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL  60603
Telephone:     (312) 853-7000
Facsimile:     (312) 853-7036

*Attorneys for Defendants Pfizer Inc., G.D. Searle LLC, and Pharmacia Corporation*