IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BRIGHAM YOUNG UNIVERSITY, a Utah Non-Profit Education Institution; and DR. DANIEL L. SIMMONS, an individual; <br><br> Plaintiffs, <br><br> v. <br><br> PFIZER, INC., a Delaware Corporation; G.D. SEARLE & COMPANY, a Delaware Corporation; G.D. SEARLE LLC, a Delaware Limited Liability Company; MONSANTO COMPANY, a Delaware Corporation; and PHARMACIA CORPORATION, a Delaware Corporation, <br><br> Defendants. | **SECOND AMENDED** <br> **PROTECTIVE ORDER** <br><br> Case No. 2:06cv-890-TS (BCW) <br><br> The Honorable Ted Stewart <br> Magistrate Judge Brooke C. Wells |

All provisions of the Protective Order, Dkt. 43, remain in full force and effect except as follows:

IT IS HEREBY ORDERED that the following additional procedures shall govern the handling, examination, review, and use of documents, testimony, and other discovery materials disclosed by the parties and party witnesses, including expert witnesses, during the course of pretrial, trial, and post-trial proceedings in this action:

1.      As an additional form of PROTECTED INFORMATION, the Parties may designate documents as BYU/W&S COMMUNICATIONS, that are claimed by BYU to be privileged and confidential. That designation shall be affixed to any document containing or describing information communicated between BYU and Winston & Strawn LLP on which any party will rely in supporting or opposing a motion seeking disqualification of Winston & Strawn LLP in this matter.

2.      Documents designated as containing BYU/W&S COMMUNICATIONS, that are claimed by BYU to be privileged and confidential, shall be used solely for the purpose of supporting or opposing a motion seeking the disqualification of Winston & Strawn LLP from this matter.

3.      Documents designated as containing BYU/W&S COMMUNICATIONS, that are claimed by BYU to be privileged and confidential, shall be reviewed solely by (a) the Court, (b) BYU and its counsel, (c) Winston & Strawn LLP, (d) "Designated Attorneys" of the law firms Stoel Rives LLP or Munger Tolles & Olson LLP; and (e) any experts retained by BYU, Winston & Strawn LLP, Stoel Rives LLP or Munger Tolles & Olson LLP for the purpose of supporting or opposing a motion seeking disqualification of Winston & Strawn LLP in this matter. "Designated Attorneys" shall mean those attorneys of the law firms Stoel Rives LLP or Munger Tolles & Olson LLP whose names are set forth on the attached Exhibit A, together with any paralegals and staff employed by those firms who are reasonably required to assist such Designated Attorneys in responding to BYU's motion to disqualify.  For the purpose of opposing a motion to disqualify Winston & Strawn LLP, Stoel Rives LLP and Munger Tolles & Olson LLP may later identify a reasonable number of additional attorneys as Designated Attorneys, provided that advance written notice of such is given to BYU, and further provided that the additionally-designated attorneys agree in writing to be bound by the terms of this Protective Order.  It is understood that the Designated Attorneys only represent Winston & Strawn LLP in opposing a motion seeking to disqualify Winston & Strawn LLP in this matter, and they do not represent Pfizer in defending this case generally. Unless otherwise allowed by the Court, documents designated as containing BYU/W&S COMMUNICATIONS, that are claimed by

BYU to be privileged and confidential, shall not be provided to Defendants or any of its counsel other than Winston & Strawn LLP.

4.      If documents designated as containing BYU/W&S COMMUNICATIONS that are claimed by BYU to be privileged and confidential are filed with the Court, such filing shall be made under seal.

5.      Any use of documents designated as containing BYU/W&S COMMUNICATIONS that are claimed by BYU to be privileged and confidential pursuant to this Amended Protective Order shall not be deemed a waiver of the attorney-client privilege, work product doctrine, or any other applicable privilege.

6.      In addition, Designated Attorneys from Stoel Rives LLP and Munger Tolles & Olson LLP representing Winston & Strawn LLP in connection with the motion to disqualify Winston & Strawn LLP may have access and use information designated as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" under the Protective Order entered in this action to the extent reasonably necessary in opposing the motion to disqualify.

DATED this 19th day of April 2010.

BY THE COURT:

_____

MAGISTRATE JUDGE BROOKE C. WELLS

EXHIBIT A

STOEL RIVES LLP

David J. Jordan
Jill M. Pohlman
Joseph W. Loosle


MUNGER, TOLLES & OLSON LLP

Brad D. Brian
Stuart N. Senator
Kristin S. Escalante
Benjamin J. Maro