**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| BRIGHAM YOUNG UNIVERSITY, a Utah Non-Profit Education Institution, and DANIEL L. SIMMONS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>PFIZER, a Delaware Corporation, G.D. SEARLE & COMPANY, a Delaware Corporation, G.D. SEARLE, a Delaware Limited Liability Company, MONSANTO COMPANY, a Delaware Corporation, and PHARMACIA, a Delaware Corporation,<br><br>Defendants. | **ORDER AND MEMORANDUM DECISION**<br><br>Case No. 2:06-cv-00890-TS-BCW<br><br>Judge Brooke C. Wells |

On March 10, 2010, Plaintiffs filed a Motion for Sanctions.[1] Local Rule 7-1, which governs motions and memoranda states that "Failure to comply with the requirements of this section may result in sanctions that may include (i) returning the motion to counsel for resubmission in accordance with the rule, (ii) denial of the motion, or (iii) other sanctions deemed appropriate by the court."[2] After a brief review of Plaintiffs Motion for Sanctions, the Court finds Plaintiffs motion does not abide by Rule 7-1. Therefore, Plaintiffs Motion for Sanctions is DENIED WITHOUT PREJUDICE and Plaintiffs are directed to refile it in accordance with the local rules.

Local Rule 7-1(b) states that supporting memoranda "must be concise and state each

---

[1] Docket no. 351.

[2] DUCivR. 7-1(a) (2009).

1

basis for the motion and limited citations to case or other authority."[3] The rule goes on to provide that

> Memoranda supporting or opposing all motions that are not filed pursuant to Fed. R. Civ. P. 12(b), 12(c), 56, and 65 must not exceed ten (10) pages, exclusive of any of the following items: face sheet, table of contents, statement of facts, concise introduction, statements of issues and facts, and exhibits. Reply memoranda in support of any motion must be limited to ten (10) pages, exclusive of face sheet, table of contents, and exhibits and must be limited to rebuttal of matters raised in the memorandum opposing the motion. No additional memoranda will be considered without leave of court.[4]

Here, the memorandum in support of Plaintiffs' motion consists of approximately 88 pages. Plaintiffs self titled "Legal Argument" section begins on page 78 and concludes on page 87. Thus, it appears that Plaintiffs have met the requirements of Local Rule 7-1(b)(3). A closer inspection of Plaintiffs' memorandum, however, indicates otherwise. The background portion of Plaintiffs' memorandum contains numerous arguments and Plaintiffs did not file a motion or request to file an overlength memoranda. There is no need to restate again throughout the background arguments that are better left for the argument section of the memorandum or that have been raised previously in other motions. The judicial system depends upon the advocacy of the parties before it. But, there is no need to continually replay the same movie that the Court has viewed a number of times in this case. It is to the benefit of both the Court and the parties to more narrowly tailor the issues that need resolution. While complex, the issues regarding Pfizer's compliance with discovery, can in the Court's view, be handled in a much more concise and precise manner that does not require hundreds of pages of arguments from the parties.

---

[3] *Id.* 7-1(b)(2) (emphasis added).

[4] *Id.* 7-1(b)(3)(B).

Therefore, the Court DENIES WITHOUT PREJUDICE Plaintiffs' Motion for Sanctions.[5] Plaintiffs are directed to refile their motion in a more concise manner in accordance with Local Rule 7-1. The Court further DEEMS MOOT Defendants' Motion for Leave to File Excess Pages.[6] All parties will be required to abide by the rules regarding memoranda length as it is the general practice of the district court to not accept overlength memoranda.

IT IS SO ORDERED:

DATED this 4th day of May, 2010.

BY THE COURT:

BROOKE C. WELLS
United States Magistrate Judge

---

[5] Docket no. 351.

[6] Docket no. 401.

3