Mark M. Bettilyon (4798)
Rick B. Hoggard (5088)
Arthur B. Berger (6490)
Samuel C. Straight (7638)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
mbettilyon@rqn.com
rhoggard@rqn.com
aberger@rqn.com
sstraight@rqn.com

David B. Thomas – (3228)
Office of the General Counsel
Brigham Young University
A-350 ASB
Provo, Utah 84602
Telephone:  801-422-4722
Facsimile:  801-422-0265
Dave_Thomas@byu.edu

Leo R. Beus (admitted *pro hac vice*)
L. Richard Williams (admitted *pro hac vice*)
Mark C. Dangerfield (admitted *pro hac vice*)
Adam C. Anderson (admitted *pro hac vice*)
Keith C. Ricker (admitted *pro hac vice*)
BEUS GILBERT PLLC
4800 North Scottsdale Road, Suite 6000
Scottsdale, Arizona  85251
Telephone: 480-429-3000
Facsimile:  480-429-3100
lbeus@beusgilbert.com
rwilliams@beusgilbert.com
mdangerfield@beusgilbert.com
aanderson@beusgilbert.com
kricker@beusgilbert.com

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| BRIGHAM YOUNG UNIVERSITY, a Utah Non-Profit Education Institution; and Dr. DANIEL L. SIMMONS, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>PFIZER, INC., a Delaware corporation; G.D. SEARLE & COMPANY, a Delaware corporation; G.D. SEARLE LLC, a Delaware limited liability company; MONSANTO COMPANY, a Delaware corporation; and PHARMACIA CORPORATION, a Delaware corporation,<br><br>Defendants. | **REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO SET DATE TO AMEND COMPLAINT**<br><br>Case Number: 2:06-CV-890-BTS (BCW)<br><br>Judge Ted Stewart<br><br>Magistrate Judge Brooke C. Wells |

BYU should be allowed to amend its complaint because Pfizer has withheld relevant documents for the first three years of this litigation.  Those documents and other information gathered by BYU show that Pfizer's fraud against BYU is part of a larger fraudulent scheme. Pfizer cannot be allowed to stymie BYU in discovery while at the same time preventing BYU from adding allegations and claims discovered from documents that Pfizer has been trying to hide.

The nexus between Pfizer's documented discovery abuse and BYU's need for additional time to amend its complaint is clear.

As Pfizer admits in its recent opposition to BYU's motion for dispositive sanctions, Pfizer withheld relevant documents from BYU for more than three years, while at the same time deluging BYU with millions of (mostly irrelevant) documents.[1]  Hence, BYU has not had the opportunity to analyze anything that could be called a "complete production" in order to amend its complaint.  But in light of the Court's recent order setting this matter for trial on 31 January 2011, BYU is ready to amend its complaint, whether Pfizer's production is complete or not.[2]

Though BYU has known that it would add certain new allegations for some time, BYU did not want to add those new allegations piece-meal.  For example, BYU has known for some time that it would amend the list of patents for which BYU seeks correction of inventorship.  On the other hand, BYU has decided to make other changes based on newly-produced documents.

---

[1] *See*, e.g., Pfizer's Opposition to Plaintiffs' Motion for Dispositive Sanctions, 3 May 10, Dkt. 408 at 60 ("Pfizer admits that mistakes were made during the review of documents, and that boxes containing the Seibert file were overlooked.").  *See also*, *id.* at 5 ("Pfizer has produced more than 11 million pages of documents, and made the equivalent of millions of more pages available to Plaintiffs.").

[2] Pfizer's new discovery misconduct demonstrates that Pfizer will never make a complete production.  Therefore, BYU will again request, pursuant to the Court's 4 May Order, dispositive sanctions.

BYU cannot fully summarize the allegations in its amended complaint because BYU is still drafting the amendment.[3]  However, BYU's new allegations (and the new documents from which they stem) will be generally as follows:

**Pfizer fraudulently terminated the research agreement**:  As recently as November 2009, BYU has obtained documents, such as the Seibert fax, which demonstrate Monsanto's immediate, extensive, and critical use of Dr. Simmons/BYU's Confidential Information.  Other related documents that were initially withheld by Pfizer include the Raz letters, the Blue Slide, the Smoking letter, and various Monsanto scientific notebook pages.[4]  The immediate and extensive use of Dr. Simmons/BYU's Confidential Information demonstrates that Monsanto's purported reasons for terminating the Research Agreement were false when made and show the group of individuals and entities involved in that fraudulent termination.  By adding facts obtained from these documents, BYU will amend its allegations about the fraudulent termination of the research agreement and about the individuals and entities that participated in that fraudulent termination.

**Pfizer's pattern of fraudulent marketing**:  BYU's original complaint alleged that Pfizer used marketing and public relations efforts to hide its theft of Dr. Simmons/BYU's Confidential Information.[5]  Late last year, BYU discovered the crime/fraud litigation and learned that Pfizer's criminal, fraudulent marketing practices were much more extensive than BYU knew before.  Even more recently, BYU discovered that Pfizer was found guilty of conducting a

---

[3] Because BYU is still drafting, BYU reserves the right to add different allegations and claims than those summarized below.

[4] Pfizer is sure to argue—again—that some of the documents that form the basis for an amended complaint were produced some time ago.  But since Pfizer's production has never been complete and, instead, Pfizer's "rolling production" continues to roll on, BYU chose to wait to amend its complaint in order to avoid making multiple amendments.

[5] Complaint, 18 Oct 06, ¶¶ 136-140.

racketeering enterprise to engage in the same criminal, fraudulent marketing practices with respect to another drug, Neurontin.  BYU plans to allege that Pfizer's fraud against BYU and its marketing fraud are part of a larger scheme to fraudulently develop and sell drugs.

**Pfizer's pattern of discovery misconduct**:  BYU will also allege that Pfizer's discovery misconduct in this case is part of Pfizer's fraudulent scheme.  These allegations will be based on Pfizer's discovery abuse, spoliation of documents, and related misrepresentations already found by the Court in its 2009 Sanctions Order, and will be based on the additional abuses set forth in BYU's forthcoming (Amended) Motion for Dispositive Sanctions.  Pfizer's discovery abuses are still coming to light.  For example, on 12 March 2010, Pfizer produced a production letter from the *Rochester* case which shows that Pfizer withheld the exact same Seibert file from Rochester that it withheld from BYU.[6]  The *Rochester* production letter is another (of many) indicia that Pfizer's discovery misconduct is intentional and committed in bad faith.

**Dr. Simmons's Inventorship**:  BYU has discovered new facts demonstrating Dr. Simmons's essential contribution to the conception of patented inventions developed out of the COX-2 project.  BYU seeks to add allegations regarding those new facts and to amend the list of patents with respect to which Dr. Simmons seeks to be added as an inventor.

Pfizer will not be prejudiced by extending the date for BYU to amend its complaint.  *First*, Pfizer's claim that it took depositions relying on BYU's complaint as the final word in this matter is false.  Pfizer took its depositions at a time when it is undisputed that BYU had the right to amend its complaint—and after BYU had repeatedly indicated that it intended to amend its

---

[6] Ltr. from L. Schneider to E. Olson (Morrison & Foerster), 31 Oct 02, Ex. 1.

complaint.[7]  *Second*, each of the allegations BYU intends to add have been raised, at least in some form, in prior briefing, Court Orders, and/or discovery responses.[8]  *Third*, BYU's new claims primarily concern Pfizer's fraud.  Hence, Pfizer will not have to re-depose BYU's witnesses.  And BYU will not have to redo any depositions because BYU has waited to begin taking substantive depositions, in part, for this very reason.  If BYU files an amended complaint before 31 July 2010, Pfizer and its four international law firms will not have any problem preparing this case for trial.

The Court should set 31 July 2010 as the final day for BYU to amend its complaint.

---

[7] *See, e.g.,* Ltr. from L. Beus, M. Bettilyon to R. O'Malley, G. Haley, 27 Oct 09, Ex. 2; Hearing Trans., 22 Jul 09, 16:10-12 ("THE COURT: Let me ask you this, is it BYU's intent to amend and add a spoliation claim? MR. BETTILYON: Yes."), Ex. 3.

[8] For allegations related to Pfizer's fraudulent termination of the research agreement, *see e.g.,* Plaintiffs' Opposition to Pfizer's Motion for Partial Summary Judgment, 1 Jun 09, Dkt. 252; for allegations related to Pfizer's pattern of fraudulent marketing, *see e.g.,* Plaintiffs' Opposition to Pfizer's Motion for a Protective Order Regarding Marketing Practices Litigation, 9 Apr 10, Dkt. 382; for statements related to Pfizer's pattern of discovery misconduct, *see e.g.,* Plaintiffs' Motion for Discovery Sanctions, 14 Jan 09, Dkt. 178-179, and Memorandum Decision and Order, 28 Oct 09, Dkt. 303; for allegations related to Dr. Simmons's inventorship, *see e.g.,* Plaintiffs' Supplemental Response to Defendant Interrogatory No. 4, 27 Jun 08, Ex. 4, and Plaintiffs' Second Amended Supplemental Response to Defendants' Interrogatory No. 8, 10 Dec 08, Ex. 5.

::ODMA\PCDOCS\BGD\92120\1

RESPECTFULLY SUBMITTED this 10th day of May 2010.

**BEUS GILBERT PLLC**


By_____*s/ Keith C. Ricker*_____
    Leo R. Beus
    L. Richard Williams
    Mark C. Dangerfield
    Adam C. Anderson
    Keith C. Ricker


RAY QUINNEY & NEBEKER P.C.
    Mark M. Bettilyon
    Rick B. Hoggard
    Arthur B. Berger
    Samuel C. Straight


OFFICE OF THE GENERAL COUNSEL
    David B. Thomas
    BRIGHAM YOUNG UNIVERSITY

::ODMA\PCDOCS\BGD\92120\1

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of May, 2010, I electronically filed the foregoing Reply in Support of Plaintiffs' Motion to Set Date to Amend Complaint with the Clerk of the United States District, District of Utah Central Division, using the CM/ECF system which sent notification of such filing to the following:

| | |
|---|---|
| Charles W. Douglas, Esq.<br>Richard O'Malley, Esq.<br>Lisa A. Schneider, Esq.<br>Neil H. Wyland, Esq.<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL  60603<br>Telephone:  312-853-3577<br>Facsimile:  312-853-7036<br>cdouglas@sidley.com<br>romalley@sidley.com<br>lschneider@sidley.com<br>nwyland@sidley.com | George Haley, Esq.<br>David R. Parkinson, Esq.<br>Holme Roberts & Owen LLP<br>299 South Main Street<br>Suite 1800<br>Salt Lake City, UT  84111<br>Telephone:  801-521-5800<br>Facsimile:  801-521-9639<br>george.haley@hro.com<br>david.parkinson@bro.com |
| Dan K. Webb<br>Raymond C. Perkins<br>WINSTON & STRAWN LLP<br>35 W. Wacker Drive<br>Chicago, IL  60601<br>Telephone:  312-558-5600<br>Facsimile:  312-558-5700<br>dwebb@winston.com<br>dperkins@winston.com | John Caleb Dougherty<br>Richard T. Mulloy<br>Kathy J. Owen<br>DLA PIPER<br>6225 Smith Avenue<br>Baltimore, MD  21209<br>Telephone:  410-580-4140<br>Facsimile:  410-580-3140<br>john.dougherty@dlapiper.com<br>richard.mulloy@dlapiper.com<br>kathy.owen@dlapiper.com |

_s/ Keith C. Ricker_

::ODMA\PCDOCS\BGD\92120\1