Mark M. Bettilyon (4798)
Rick B. Hoggard (5088)
Arthur B. Berger (6490)
Samuel C. Straight (7638)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
mbettilyon@rqn.com
rhoggard@rqn.com
aberger@rqn.com
sstraight@rqn.com

David B. Thomas – (3228)
Office of the General Counsel
Brigham Young University
A-350 ASB
Provo, Utah 84602
Telephone:  801-422-4722
Facsimile:  801-422-0265
Dave_Thomas@byu.edu

Leo R. Beus (admitted *pro hac vice*)
L. Richard Williams (admitted *pro hac vice*)
Mark C. Dangerfield (admitted *pro hac vice*)
Adam C. Anderson (admitted *pro hac vice*)
Keith C. Ricker (admitted *pro hac vice*)
BEUS GILBERT PLLC
4800 North Scottsdale Road, Suite 6000
Scottsdale, Arizona  85251
Telephone: 480-429-3000
Facsimile:  480-429-3100
lbeus@beusgilbert.com
rwilliams@beusgilbert.com
mdangerfield@beusgilbert.com
aanderson@beusgilbert.com
kricker@beusgilbert.com

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| BRIGHAM YOUNG UNIVERSITY, a Utah Non-Profit Education Institution; and Dr. DANIEL L. SIMMONS, an individual,<br><br>                         Plaintiffs,<br>          vs.<br><br>PFIZER, INC., a Delaware corporation; G.D. SEARLE & COMPANY, a Delaware corporation; G.D. SEARLE LLC, a Delaware limited liability company; MONSANTO COMPANY, a Delaware corporation; and PHARMACIA CORPORATION, a Delaware corporation,<br><br>                         Defendants. | **REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO EXTEND TRIAL DATE**<br><br>Case Number: 2:06CV-890-BTS (BCW)<br><br>Judge Ted Stewart<br><br>Magistrate Judge Brooke C. Wells |

After withholding documents for over 42 months, Pfizer now opposes BYU's request for a nine month extension to complete trial preparation; trial preparation  that Pfizer's misconduct has delayed for more than three and a half years.

BYU's Motion to Extend Trial Date is based on the impossibilities of meeting the current schedule. Pfizer does not dispute that BYU's decision to wait to take depositions was based on this Court's 29 July 2008 admonition. Nor does Pfizer dispute that it has spent more than three years misrepresenting the status of its discovery.

Instead, Pfizer uses its Opposition to incorrectly portray the merits of this case in a further attempt to, now that Pfizer has delayed making a full production for more than three and a half years, even in light of this Court's 26 March 2008 Order, jam BYU with an abbreviated trial schedule.

Pfizer does not explain, other than suggesting that the parties cooperate, how the parties should schedule and take approximately 21 depositions in the next 41 business days. On 20 May 2010, BYU formally requested 17 depositions;[1] to date, Pfizer has only provided dates for four of them.

Nor does Pfizer explain how BYU's experts should draft their reports prior to all the depositions being completed. As BYU has described, it has not been complacent, but has diligently prosecuted its case, including by seeking a full production from Pfizer. BYU has also retained 10 expert witnesses and consultants. But without Pfizer's full production and the subsequent depositions, BYU's experts cannot complete their analysis or finalize their opinions.

And at the same time, Pfizer pretends it did not misrepresent the existence of the COX-2 Collection or that everything in the COX-2 Collection had been produced. In fact, Pfizer is still

_____

[1] Ltr. from A. Anderson to L. Schneider, 20 May 10, Ex. 1.

withholding scientific notebooks referred to in the COX-2 Collection. For example, BYU found references in the Collection to 22 scientific notebooks that Pfizer had not produced.

On 28 May 2010, Pfizer finally produced two of them with claims that they are not relevant. Whether those notebooks are relevant, they were referenced in documents in the COX-2 Collection, and Pfizer had not produced them. BYU could not have known what the notebooks contained; BYU only knew that, if it had believed Pfizer earlier, BYU never would have found the COX-2 Collection or the Seibert file kept within that collection. Nor would BYU have found any of the other highly relevant documents discussed at great length in the memoranda leading up to this Court's sanctions order. Additionally, since Pfizer has never produced a log or index of notebooks it assigned, BYU cannot possibly know what notebooks contain what or to whom they were assigned.

Pfizer still has not produced the other 20 scientific notebooks that BYU has identified by number in the COX-2 Collection.

Pfizer should not be allowed to profit from its discovery misconduct. For the reasons described above and in Plaintiffs' Motion to Extend Trial Date—all of which show good cause— BYU respectfully requests that the Court amend the current schedule as follows:

| Close of discovery | 1 April 2011 | BYU's pretrial disclosures | 12 August 2011 |
|---|---|---|---|
| Plaintiffs' expert reports | 29 April 2011 | Pfizer's pretrial disclosures | 19 August 2011 |
| Counter expert reports | 13 May 2011 | Settlement conference | 16 September 2011 |
| Close of expert discovery | 10 June 2011 | Pretrial conference | 22 September 2011 |
| Dispositive motions | 24 June 2011 | Trial | 26 September 2011 |

::ODMA\PCDOCS\BGD\94932\2

RESPECTFULLY SUBMITTED this 2nd day of June 2010.

**BEUS GILBERT PLLC**


By    *s/ Adam C. Anderson*
     Leo R. Beus
     L. Richard Williams
     Mark C. Dangerfield
     Adam C. Anderson
     Keith C. Ricker


RAY QUINNEY & NEBEKER P.C.
     Mark M. Bettilyon
     Rick B. Hoggard
     Arthur B. Berger
     Samuel C. Straight


OFFICE OF THE GENERAL COUNSEL
     David B. Thomas
     BRIGHAM YOUNG UNIVERSITY

::ODMA\PCDOCS\BGD\94932\2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 2nd day of June, 2010, I electronically filed the foregoing Reply in Support of Motion to Extend Trial Date with the Clerk of the United States District, District of Utah Central Division, using the CM/ECF system which sent notification of such filing to the following:

| | |
|---|---|
| Charles W. Douglas, Esq.<br>Richard O'Malley, Esq.<br>Lisa A. Schneider, Esq.<br>Neil H. Wyland, Esq.<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone: 312-853-3577<br>Facsimile: 312-853-7036<br>cdouglas@sidley.com<br>romalley@sidley.com<br>lschneider@sidley.com<br>nwyland@sidley.com | George Haley, Esq.<br>David R. Parkinson, Esq.<br>Holme Roberts & Owen LLP<br>299 South Main Street<br>Suite 1800<br>Salt Lake City, UT 84111<br>Telephone: 801-521-5800<br>Facsimile: 801-521-9639<br>george.haley@hro.com<br>david.parkinson@bro.com |
| Dan K. Webb<br>Raymond C. Perkins<br>WINSTON & STRAWN LLP<br>35 W. Wacker Drive<br>Chicago, IL 60601<br>Telephone: 312-558-5600<br>Facsimile: 312-558-5700<br>dwebb@winston.com<br>dperkins@winston.com | John Caleb Dougherty<br>Richard T. Mulloy<br>Kathy J. Owen<br>DLA PIPER<br>6225 Smith Avenue<br>Baltimore, MD 21209<br>Telephone: 410-580-4140<br>Facsimile: 410-580-3140<br>john.dougherty@dlapiper.com<br>richard.mulloy@dlapiper.com<br>kathy.owen@dlapiper.com |

*s/ Adam C. Anderson*

::ODMA\PCDOCS\BGD\94932\2