# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BRIGHAM YOUNG UNIVERSITY, and DR. DANIEL L. SIMMONS,<br><br>Plaintiffs,<br><br>vs.<br><br>PFIZER, INC., et al.<br><br>Defendants. | **ORDER AND MEMORANDUM DECISION GRANTING IN PART PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO AMEND COMPLAINT**<br><br>Case No. 2:06-CV-890 TS BCW<br><br>Judge Ted Stewart<br><br>Magistrate Judge Brooke Wells |

Plaintiffs Brigham Young University and Dr. Daniel Simmons (collectively BYU) move this Court to amend the current scheduling order so that BYU can file an amended complaint on or before July 31, 2010.[1] Based upon the record, this would be the fifth extension by which Plaintiffs must file an amended complaint.[2] Rule 15(a)(2) provides that the court should "freely give leave when justice so requires."[3] As outlined below the court GRANTS BYU's motion in PART.

---

[1] Docket no. 386.
[2] As noted by Defendants, the original Scheduling Order provided an amended complaint date of May 31, 2008. The Court extended this date further until August 10, 2009. And then, at Plaintiffs' request, Defendants agreed to two additional extensions (November 2009 and April 2010).
[3] Fed.R.Civ.P. 15(a) (2009).

1

Rule 15(a) provides that a party may amend the pleadings after the time has run to do so "only with the opposing party's written consent or the court's leave."[4] Leave should be freely given when justice so requires.[5] As noted by the Supreme Court,

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require be 'freely given.'[6]

Plaintiffs argue that they "should be allowed to amend [their] complaint because Pfizer has withheld relevant documents for the first three years of this litigation."[7] BYU states that they have intended to "add certain new allegations for some time" but did not want to add them piece-meal.[8] In support of its position, BYU points to a number of "new facts" that it has discovered over the course of discovery. For example, BYU alleges they have "discovered new facts demonstrating Dr. Simmon's essential contribution to the conception of patented inventions developed out of the COX-2 project."[9] Plaintiffs ask this Court to set July 31, 2010, as the final day to amend its complaint.

Defendants Pfizer, Inc., G.D. Searle LLC, and Pharmacia Corporation f/k/a Monsanto Company (collectively Pfizer) oppose BYU's request for an additional extension of time to file an amended complaint. Pfizer notes that this case has been pending for more than three years. And during this time, "Plaintiffs have been given many extensions of time to file an amended

---

[4] *Id.*
[5] *See id.*
[6] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[7] Reply p. 2.
[8] *Id.*
[9] *Id.* at p. 4.

complaint." The most recent extension, agreed to by Pfizer, was until April 2010. In support of their position, Defendants cite to the fast approaching jury trial and the prejudice it would cause them if the Court permitted BYU to amend its complaint. Pfizer also argues that "[v]ague accusations of discovery abuse do not constitute good cause to further amend the Court's scheduling order to extend the time to file amended pleadings."[10]

On June 11, 2010, the Court entered an order changing the trial date from January 2011 to September 2011.[11] This new order undermines most of Defendants' arguments since trial is now pushed back by eight months. The Court, however, agrees with Defendants that "it is time to move this case forward to the merits."[12]

Under Rule 16(b)(4) BYU must demonstrate good cause to modify the schedule. A moving party's failure to show good cause is adequate grounds to deny a motion to amend.[13] To establish good cause under Rule 16(b)(4) BYU must show that the amendment deadline, April 2010, could not have been met even if it acted with due diligence.[14] "[W]here the party seeking an untimely amendment knows or should have known of the facts upon which the proposed amendment is based, but fails to assert them in a timely fashion, the motion to amend is subject to denial."[15]

Here, there are facts that BYU has discovered during discovery that may give rise to an amended complaint. Clearly, Pfizer's conduct has prevented BYU from learning some of these

---

[10] Op. p. 3.
[11] Docket no. 433.
[12] Op. p. 4.
[13] *See Strope v. Collins*, 2009 WL 465073, *3 (10th Cir. 2009); *Capital Solutions, LLC v. Konica Minolta Bus. Solutions*, 2009 WL 1635894, *5 (D.Kan. June 11, 2009) (stating that conclusory assertions about facts not learned until after the deadline is not enough to demonstrate good cause within the meaning of Rule 16(b)(4).
[14] *See Boatright v. Larned State Hosp.* 2007 WL 2693674, *5 (D.Kan.2007); *Lone Star Steakhouse and Saloon, Inc. v. Liberty Mutual*, 2003 WL 21659663, *2 (D.Kan.2003).
[15] *Potts v. Boeing Co.*, 162 F.R.D. 651, 653 (D.Kan.1995); *see State Distributors, Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984).

facts in a timely manner.[16] But, the Court is concerned that there does not appear to be any newly learned facts that could not have been included in an amended complaint by the April 2010 deadline. For example, BYU points to March 12, 2010, when it learned through Pfizer's production, that Pfizer has previously withheld some of the same documents it has in this case in another similar litigation.[17] BYU also cites to documents it obtained in November 2009 that allegedly give rise to new causes of action.

Notwithstanding the Court's concerns, based upon the totality of the circumstances in this case, the Court finds that there is good cause to allow BYU to amend its complaint. BYU, however, must move to pursue its claims on the merits and not continue to postpone the date by which its complaint is finalized. Recently, Pfizer agreed to an extension of the deadline until April 2010. With the trial now being set for September 2011, the Court finds it appropriate to allow BYU one final opportunity to amend its complaint. BYU has until on or before July 1, 2010, to amend its complaint. The Court finds this new date will not prejudice Defendants because there should be adequate time to defend against BYU's allegations. And, this date will allow BYU adequate time to amend its complaint with facts it otherwise could not have known prior to certain deadlines despite its best efforts to discover them.

DATED this 11th day of June, 2010.

BY THE COURT:

Magistrate Judge Brooke Wells

---

[16] *See* Memorandum Decision and Order dated October 28, 2009.
[17] Reply p. 4.