# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BRIGHAM YOUNG UNIVERSITY, and DR. DANIEL L. SIMMONS, <br><br> Plaintiffs, <br><br> vs. <br><br> PFIZER, INC., et al. <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR SANCTIONS** <br><br> Case No. 2:06-CV-890 TS BCW <br><br> Judge Ted Stewart <br><br> Magistrate Judge Brooke Wells |

Before the court is Plaintiffs Brigham Young University's and Daniel Simmons' (collectively BYU) Motion for Dispositive Sanctions.[1] In its motion BYU requests that the court "strike Pfizer's answer, find Pfizer liable to BYU, and limit trial in this case to damages."[2] In the alternative, BYU asks the court to "allow the jury to presume that missing information would have been detrimental to Pfizer."[3] As outlined below, the court denies without prejudice BYU's motion.

This case has involved many discovery disputes. By the court's estimation, there have been at least ten discovery related motions brought before the court[4] and three motions for

---

[1] Docket no. 453.
[2] Mtn. p. 2.
[3] *Id.*
[4] *See e.g.,* docket nos. 58, 65, 107, 113, 115, 118, 120, 161, 240, and 450. This does not include a number of other ancillary motions related to these motions such as motions to strike, motions for extension of time, or motions to file overlength memoranda.

1

sanctions filed by BYU.[5] In October 2008, this court granted in part BYU's first motion for sanctions ordering Defendants to pay $852,315.80 in costs and fees.[6]

BYU, in its recent motion for leave to file overlength memorandum in support of the instant Motion for Dispositive Sanctions, notes that the memorandum contains "many facts that have been discovered only recently, including for example, deposition testimony from Pfizer witnesses given in June 2010, and documents produced by Pfizer for the first time in July 2010."[7]

BYU's memorandum is consistent with the assertions made in the motion for leave to file overlength memorandum. For example, BYU cites to the Rangwala chart (a chart created by Dr. Shaukat Rangwala that lists certain test results) and the June 2010 deposition of Mr. Rangwala where he admitted to backdating the notebook that contains the chart and then destroying his notes about it. Such recent developments, in BYU's view, add to their request for dispositive sanctions. Thus, BYU cites in part to very recent factual developments in support of its Motion for Dispositive Sanctions.

As this court has noted previously, the court has broad discretion to manage its docket in order to achieve the orderly and timely disposition of cases.[8] This includes the imposition of sanctions against parties for violating the civil rules,[9] or failing to comply or cooperate in

---

[5] *See e.g.,* docket nos. 179, 351, and 453.
[6] Order dated October 28, 2009, docket no. 303.
[7] Mtn. for leave to file overlength memorandum p. 2.
[8] *See* Clark v. State Farm Mut. Auto. Ins. Co., 590 F.3d 1134, 1140 (10th Cir. 2009); *see e.g.,* Link v. Wabash R.R., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (holding that a trial court's power to dismiss for lack of prosecution "has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); United States v. Nicholson, 983 F.2d 983, 988 (10th Cir.1993) ("District courts generally are afforded great discretion regarding trial procedure applications (including control of the docket and parties), and their decisions are reviewed only for abuse of discretion.").
[9] *See* DUCivR 1-2.

discovery.[10]  Additionally, the court may grant a motion without further notice if a party fails to respond,[11] or hold a party in contempt for failing to follow court orders.[12]

In considering how to best manage a case a court must be mindful of judicial resources. The Tenth Circuit has often cited to the basic well-founded principles of "'judicial efficiency, conservation of scarce judicial resources, and [the] orderly and prompt administration of justice.'"[13]  Appeals are also subject to these same principles.[14]  The court is also mindful that the litigants in this matter do not have unlimited resources.[15]

Taking into consideration the progress and nature of this case and in applying the aforementioned principles, the court believes it is best to allow this case to proceed rather than to perhaps impose sanctions at this time that would in essence end the litigation.  Moreover, if the court were to deny Plaintiffs' motion, there may be conduct by Pfizer that in BYU's opinion would warrant the bringing of another motion for dispositive sanctions.  The court wants to avoid such piecemeal litigation.  Thus, the court believes that if warranted BYU should renew its motion for dispositive sanctions at the close of discovery.  At that time the court will then have a "full record of the case" and a more complete history of Pfizer's compliance, noncompliance,

---

[10] *See* Fed. R. Civ. P. 37.
[11] *See* DUCivR 7-1(d).
[12] *See* F.T.C. v. Kuykendall, 371 F.3d 745 (10th Cir. 2004).
[13] U.S. v. Allen, 16 F.3d 377, 378-79 (10th Cir. 1994) (quoting *Hines v. United States*, 971 F.2d 506, 509 (10th Cir. 1992)); *see also* U.S. v. Talk, 158 F.3d 1064, 1067 (10th Cir. 1998).
[14] *See* Fletcher v. Burkhalter, 605 F.3d 1091, 1096 (10th Cir. 2010) (citing to the considerations of delay, and the wise use of appellate resources as a basis for limiting interlocutory appeals); Mahecha-Granados v. Holder, 324 Fed.Appx. 735, 738 (10th Cir. 2009) (applying the administrative-remand doctrine and declining to "engage in piecemeal review"); Conrad v. Phone Directories Co., Inc. 585 F.3d 1376, 1382 (10th Cir. 2009) (noting the "long-established policy preference in the federal courts disfavoring piecemeal appeals"); Boughton v. Cotter Corp., 10 F.3d 746, 748 (10th Cir. 1993) (noting "the burden on appellate courts imposed by fragmentary and piecemeal review of the district court's myriad rulings in the course of a typical case");
[15] *See* Kikumura v. Osagie, 461 F.3d 1269, 1288 (10th Cir. 2006) (declining to apply the total exhaustion rule because it would "waste judicial resources and create an unnecessary burden on litigants"); In re Dept. of Energy Stripper Well Litg., 206 F.3d 1345, 1353 (D.Kan. 2000) (noting that certain procedures would "waste the courts' and the litigants' resources").

3

willfulness, or bad faith.[16] Certainly a court "should not shrink from imposing harsh sanctions where they are clearly warranted,"[17] such as entering an injunction halting Pfizer from selling or distributing Celebrex until all discovery is provided. But, harsh sanctions can in the court's view, become even more justified at the close of discovery when a party's willful noncompliance has been more firmly established.

In addition, BYU as an alternative form of relief in its motion seeks to have the jury "presume that missing information would have been detrimental to Pfizer."[18] Such a jury instruction if appropriate is better left for a time closer to trial, which is scheduled to start over a year away in September 2011, rather than at this time when discovery has yet to close.

## ORDER

For the foregoing reasons, BYU's Motion for Dispositive Sanctions is DENIED WITHOUT PREJUDICE. If warranted, Plaintiffs may bring a motion for dispositive sanctions, such as the instant motion, at the end of discovery.

DATED this 26th day of August, 2010.

BY THE COURT:

_____
Magistrate Judge Brooke C. Wells

---

[16] *Artista Records LLC v. Usenet.com, Inc.*, 633 F.Supp.2d 124, 138 (S.D.N.Y. 2009).
[17] *Jones v. Niagara Frontier Transp. Auth.*, 836 F.2d 731, 735 (2d Cir. 1987).
[18] Mem. in supp. p. 70.