IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BRIGHAM YOUNG UNIVERSITY, and DR. DANIEL L. SIMMONS,<br><br>Plaintiffs,<br>v.<br><br>PFIZER, INC., et al.,<br>Defendants. | ORDER AND MEMORANDUM DECISION DENYING DEFENDANTS' EXPEDITED MOTION TO STRIKE PLAINTIFFS' AMENDED MEMORANDUM IN SUPPORT OF RENEWED MOTION FOR FURTHER DISCOVERY SANCTIONS<br><br>Case No. 2:06-v-890 TS<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Brooke Wells |

Before the court is Pfizer, Inc.'s Expedited Motion to Strike Plaintiffs' Amended Memorandum in Support of Renewed Motion for Further Sanctions.[1] On November 28, 2011, the court issued an order denying Plaintiffs' request for leave to file a 132-page memorandum in support of their renewed sanctions motion.[2] The court further ordered BYU to file an amended memorandum in support of their motion that addressed "only those material facts that occurred after the court's prior order regarding sanctions entered on October 28, 2009."[3] Pfizer asserts that BYU's revised memorandum fails to comply with this order and asks that "repeat arguments" about the Warren notebooks, Rangwala Chart, and PRSC be stricken.[4] The court disagrees with Pfizer's interpretation and finds that language of the order not as limiting as Pfizer suggests.

---

[1] Docket no. 791. For purposes of this order the court refers to Defendants collectively as Pfizer and Plaintiffs collectively as BYU.

[2] Docket no. 785.

[3] Order dated November 28, 2011 p. 2.

[4] *See* motion p. 1.

The court's November order should be viewed in context of the prior orders relating to BYU's motions for sanctions rather than in a vacuum. On October 28, 2009, the court entered an order granting in part and denying in part BYU's initial request for sanctions.[5] In that order the court considered the factors set forth by the Tenth Circuit in *Ehrenhaus v. Reynolds*,[6] and found that Pfizer's conduct rose to a level justifying the entry of monetary sanctions in the amount of $852,315.80. The court, however, declined BYU's request to enter more severe sanctions.[7] The general intent of that order was to attempt the efficacy of lesser sanctions before proceeding, if warranted, to more severe sanctions. Thus, the court left open the possibility of further sanctions.

In March of 2010, BYU filed a second motion for sanctions arguing that there had been further misconduct by Pfizer during the discovery process.[8] Approximately two months later, the court denied this motion without prejudice noting the length of the memorandum in support of the motion and BYU's failure to more narrowly tailor the issues regarding Pfizer's compliance with discovery.[9]

BYU filed a third Motion for Dispositive Sanctions in July 2010. BYU asked the court to "strike Pfizer's answer, find Pfizer liable to BYU, and limit trial in this case to damages,"[10] or in the alternative, "allow the jury to presume that missing information would have been detrimental to Pfizer."[11] The court denied without prejudice this third motion for discovery sanctions. In its order the court cited to the numerous discovery disputes in this case and the need to conserve the

---

[5] Docket no. 351.

[6] 965 F.2d 916, 921 (10th Cir. 1992).

[7] *See* Order dated October 28, 2009 p. 16-18.

[8] Docket no. 351.

[9] *See* Order dated May 4, 2010 p. 2.

[10] Mtn. p. 2, docket no. 453.

[11] *Id.*

resources of both the parties and the court. Seeking to avoid "piecemeal litigation" of repeated motions for sanctions, the court determined it best to allow the case to proceed to the conclusion of discovery, whereupon BYU could renew its motion for dispositive sanctions.

BYU filed its Renewed Motion for Further Discovery Sanctions in November 2011 following the close of discovery.[12] In support of its Renewed Motion for Further Discovery Sanctions BYU filed a memorandum consisting of approximately 132-pages along with hundreds of pages of exhibits. The court denied BYU's request to file this over length memorandum and required BYU to file a new memorandum which was shorter in length.

In the instant motion to strike, Pfizer argues BYU failed to comply with this order. Specifically, Pfizer cites to the following requirement: "Plaintiffs are further ORDERED to address only those material facts that occurred after the court's prior order regarding sanctions entered on October 28, 2009."[13] Pfizer argues this requirement precludes BYU from making "repeat arguments" about the Warren notebooks, Rangwala Chart, and PRSC.[14] Therefore, any arguments made previously in support of BYU's first motion for sanctions should be stricken. The court disagrees with Pfizer's interpretation of the court's order and finds the language not as limiting as Pfizer suggests.

The court's intent in its order was to help focus the discovery dispute and to limit BYU from re-presenting material facts discovered prior to the October 28, 2009 sanctions order. It was not the court's intent, however, to limit BYU only to new arguments unrelated to the previous motions and order. Rather, based upon the Tenth Circuit's approach in *Ehrenhaus*,[15]

---

[12] Docket no. 762.

[13] November 28, 2011 order p. 2.

[14] *See* motion p. 1.

[15] 965 F.2d at 921.

the court seeks to understand the complete picture of discovery issues in the context of Pfizer's previously sanctioned conduct. Therefore, arguments raised previously may be raised again by BYU if they are supported by additional facts that were discovered after the October 28, 2009 order.

Accordingly, the court DENIES Defendants' Expedited Motion to Strike Plaintiffs' Amended Memorandum in Support of Renewed Motion for Further Sanctions.[16]

DATED this 11 January 2012.

*Brooke C. Wells*
Brooke C. Wells
United States Magistrate Judge

---

[16] Docket no. 791.