IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRIGHAM YOUNG UNIVERSITY, and DR. DANIEL L. SIMMONS, <br><br>     Plaintiffs, <br><br><br><br><br><br><br><br><br>      vs. <br><br><br> PFIZER, INC., et al., <br><br>     Defendants. | MEMORANDUM DECISION AND ORDER ON BYU'S MOTION FOR PARTIAL SUMMARY JUDGMENT TO DISMISS DEFENDANTS' THIRTY-SECOND DEFENSE AND MOTION FOR PARTIAL SUMMARY JUDGMENT CONCERNING DEFENDANTS' TWENTY-EIGHTH AND TWENTY-NINTH DEFENSES <br><br><br><br><br><br> Case No. 2:06-CV-890 TS |

This matter is before the Court on BYU's Motions for (1) Partial Summary Judgment to

Dismiss Defendants' Thirty-Second Defense with Prejudice and (2) Partial Summary Judgment

Concerning Defendants' Twenty-Eighth and Twenty-Ninth Defenses.

## I.  BACKGROUND

The facts of this case are fully set out in the Court's Order dated March 13, 2012,[1] and need not be recited here.

## II.  STANDARD OF REVIEW

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[2]  The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact.[3]  "Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to go beyond the pleadings and set forth specific facts showing that there is a genuine issue for trial."[4]  "An issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[5]

---

[1]Docket No. 896.

[2]*See* Fed.R.Civ.P. 56(a).

[3]*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[4]*Sally Beauty Co., Inc. v. Beautyco, Inc.*, 304 F.3d 964, 971 (10th Cir. 2002).

[5]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III.  DISCUSSION

### A.  DEFENSE 32

Pfizer's thirty-second defense asserts that BYU's claim for punitive damages is barred by the statute of limitations.  Pfizer's claim is based on a Utah statute that sets a one-year statute of limitations for actions brought under a penalty statute.[6]

BYU contends that its claim for punitive damages in not an action brought under a penalty statute.  In its response, Pfizer agrees that it appears BYU has brought no action under any penalty statute, and Pfizer indicates willingness to strike the defense (insofar as it relates to penalty statutes) if BYU stipulates that it has not brought any such action.  In its reply, BYU so stipulates.

Pfizer also notes its thirty-second defense contests BYU's right to punitive damages under the Utah punitive damages statute, and thus objects to dismissal of its defense outright. BYU responds that, while Pfizer has other defenses that contest BYU's punitive damage claim substantively, defense thirty-two makes no such argument.

Defense thirty-two states:

As a thirty-second and separate defense, and solely by the way of defense and not to be construed as an admission, Defendants allege that Plaintiffs' claim for punitive damages is subject to the provisions of Utah Code Ann. § 78-18-1 et. seq. and that such claims for punitive damages are barred by the one-year limitations period applicable to penalty statutes, as set forth in Utah Code Ann. § 78-12-29(2).[7]

---

[6]Utah Code Ann. § 78B-2-302.

[7]Docket No. 831, at 3.

3

Because this defense only states that BYU's punitive damage claim is subject to § 78-18-1, without claiming that the elements of that statute have not been satisfied, the Court will grant BYU's Motion and strike the defense.

B.      DEFENSES 28 AND 29

BYU moves the Court to strike Pfizer's twenty-eighth and twenty-ninth defenses. The twenty-eighth defense reads

> As a twenty-eighth and separate defense, and solely by the way of defense and not to be construed as an admission, Plaintiffs' claims are barred, in whole or in part, pursuant to the provisions of Utah Code Ann. § 78-27-38 et. seq., to the extent of any fault of the Plaintiffs established by the evidence in the case.[8]

Both parties refer to twenty-eight as a comparative negligence defense. BYU asks the Court to find that comparative negligence is not a defense to contract or fraud claims, and to dismiss the defense with respect to those claims accordingly.

Pfizer makes no objection to barring the defense with respect to BYU's contract claims. The Court further notes that it has rejected BYU's fraud claim, making the twenty-eighth defense moot as to fraud. Accordingly, the Court will strike the twenty-eighth defense.

BYU also asks the Court to strike Pfizer's twenty-ninth defense, which states that BYU's claims are barred to the extent the evidence shows that someone besides Pfizer caused the damage. Pfizer has stipulated to this request. Accordingly, the Court will strike the twenty-ninth defense.

---

[8]Docket No. 730, at 3.

IV.  CONCLUSION

It is therefore

ORDERED that BYU'S Motion for Partial Summary Judgment to Dismiss Defendants'

Thirty-Second Defense with Prejudice (Docket No. 731) is GRANTED. It is further

ORDERED that BYU's Motion for Partial Summary Judgment Concerning Defendants'

Twenty-Eight and Twenty-Ninth Defenses (Docket No. 729) is GRANTED.

DATED   March 27, 2012.

BY THE COURT:

_____

TED STEWART
United States District Judge