IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRIGHAM YOUNG UNIVERSITY, and DR. DANIEL L. SIMMONS,<br><br>Plaintiffs,<br><br>vs.<br><br>PFIZER, INC., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT NO. 2<br><br><br><br>Case No. 2:06-CV-890 TS |

This matter is before the Court on Pfizer's Motion for Partial Summary Judgment on Exclusions from "Project".[1]

I. BACKGROUND

The facts of this case are fully set out in the Court's Order dated March 13, 2012,[2] and need not be recited here.

---

[1] Docket No. 724.

[2] Docket No. 896.

## II. STANDARD OF REVIEW

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[3] The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact.[4] "Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to go beyond the pleadings and set forth specific facts showing that there is a genuine issue for trial."[5] "An issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"

## III. DISCUSSION

Paragraph 3.3 of the Research Agreement requires that Pfizer review "research results obtained from the Project" for patentability.[6] In paragraph 107 of its Complaint, BYU compiles a list of allegedly patentable items that Pfizer should have, pursuant to 3.3, brought to BYU's attention. Included in that list are the following:

> (a) The COX-2 gene as described by its nucleic acid sequence; (b) the COX-2 enzyme as described by its amino acid sequence; (c) Antibodies that bind to the COX-2 enzyme, but do not bind to the COX-1 enzyme; [and] (f) A method of treating pain, inflammation, and fever by selectively inhibiting COX-2 activity in a human host.[7]

---

[3] *See* Fed.R.Civ.P. 56(a).

[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[5] *Sally Beauty Co., Inc. v. Beautyco, Inc.*, 304 F.3d 964, 971 (10th Cir. 2002).

[6] Docket No. 757 Ex. 2, at 3.

[7] Docket No. 445, at 25.

Pfizer objects to the inclusion of (a)-(c) in this list because, it contends, (a)-(c) were discovered before the Project commenced and thus were not "obtained from" the Project. Pfizer further objects to the inclusion of (f) on the grounds that, according to Pfizer, Simmons never actually used DuP-697 in his work and thus a method of treatment involving Dup-697 cannot be "research results obtained from the Project." Each argument will be considered in turn.

A.   SECTIONS (a)-(c)

In its October 2011 Order (the "October Order"), the Court considered Pfizer's argument that the information contained in paragraph 107 of the Complaint predated the Project and thus was not subject to paragraph 3.3. The Court denied summary judgment because it found there were disputed issues of fact as to "what BYU developed in its facilities during the scope of the Project and which discoveries BYU provided Pfizer during the course of the Project."[8]

In its discussion of paragraph 107, the Court noted that BYU had admitted that sections (a)-(c) predated the Research Agreement's effective date.[9] Pfizer now suggests that (a)-(c) must be excluded from the Project package because the Court held in the October Order that materials that predated the Project are not covered by paragraph 3.3.

---

[8] Docket No. 704, at 21. Pfizer argues that the holding of the October Order does not preclude Pfizer's current argument because the Court therein denied summary judgment on Pfizer's claim that *all* of the paragraph 107 information was outside the Project, whereas here Pfizer is only arguing that the materials BYU itself has admitted predate the Project should be excluded. However, as explained below, the Court is not persuaded that it can grant summary judgment on any part of paragraph 107.

[9] *Id.* at 25.

This argument overstates the holding of the October Order. The Court therein focused on the meaning of the word "obtained." Pfizer had suggested that the word included a causal or temporal element—to be "obtained" from the Project, a research result had to be developed within and stem from the Project. BYU contended that obtained should be read to mean something akin to "got possession from," so that as long as research came to Pfizer because of the Project (regardless of whether the particular information was developed in the Project), the research was "obtained" from the Project. The Court agreed with Pfizer, noting that it would make "little sense for Pfizer to agree to notify BYU of all patentable confidential information used in the Project, even if that confidential information was simply an input, rather than an output, of the Project."[10]

However, the Court then recognized that there was a dispute of fact as to "what BYU developed in its facilities during the scope of the Project and which discoveries BYU provided Pfizer during the course of the Project."[11] Had the Court then been persuaded that there was no dispute of fact as to whether sections (a)-(c) were obtained from the Project, the Court would have granted summary judgment in part. The Court declined to do so then, and here reiterates that conclusion. Whether the elements in paragraph 107 were covered, wholly or in part, by paragraph 3.3 is a question for the jury. As a part of that determination, the jury must decide whether sections (a)-(c), once they were "added" to the Project, remained "inputs" or became part of the Project package. The Court will therefore deny summary judgment on this point.

---

[10] *Id.* at 25.

[11] *Id.* at 21.

B.    SECTION (f)

The Court has previously found that there are disputed issues of fact as to what Simmons knew about DuP-697 and what Pfizer was aware of with respect to Simmons's knowledge of DuP-697. Accordingly, summary judgment cannot be granted on whether a method of treatment involving DuP-697 was a research result obtained from the Project. The Court will therefore deny Pfizer's Motion on this point as well.

IV.  CONCLUSION

In light of the foregoing, it is therefore

ORDERED that Pfizer's Motion for Partial Summary Judgment on Exclusions from "Project" (Docket No. 724) is DENIED.

DATED   March 27, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge