Brent O. Hatch (5715)
  bhatch@hjdlaw.com
HATCH, JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, UT 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

William F. Lee (pro hac vice)
  william.lee@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Richard T. Mulloy (pro hac vice)
  richard.mulloy@dlapiper.com
DLA PIPER LLP (US)
401 b Street, Suite 1700
San Diego, CA 92101-4297
Telephone:  (619) 699-4787
Facsimile:  (619) 764-6787

*Attorneys for Defendants Pfizer Inc., G.D. Searle LLC, and Pharmacia Corporation*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BRIGHAM YOUNG UNIVERSITY, a Utah non-profit educational institution; and DR. DANIEL L. SIMMONS, an individual,**<br><br>        **Plaintiffs,**<br><br>**vs.**<br><br>**PFIZER INC., a Delaware corporation; G.D. SEARLE & COMPANY, a Delaware corporation; G.D. SEARLE LLC, a Delaware limited liability company; MONSANTO COMPANY, a Delaware corporation; and PHARMACIA CORPORATION, a Delaware corporation,**<br><br>        **Defendants.** | **DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF PLAINTIFFS' EXPERT VERN NORVIEL**<br><br>**Case No.  2:06cv00890**<br><br>Judge:  Honorable Ted Stewart<br><br>Magistrate Judge:  Honorable Brooke C. Wells |

Pursuant to Rules 104 and 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), Defendants Pfizer, Inc., G.D. Searle LLC, and Pharmacia Corporation (collectively "Defendants" or "Pfizer"[1]) respectfully submit this Motion To Exclude The Testimony Of Plaintiffs' Expert Vern Norviel.

Plaintiffs Brigham Young University and Dr. Simmons ("BYU") may seek to offer at trial Mr. Vern Norviel – a U.S. patent attorney – as an expert witness on certain hypothetical patents that he drafted for purposes of this litigation. BYU may attempt to introduce Mr. Norviel's opinion that the Research Agreement required the defendants to prepare U.S. and foreign applications similar to those he drafted, and that Defendants' failure to do so was a breach of the Agreement. BYU contends that this alleged breach resulted in $7 billion dollars of damages.

To support this extraordinary damages claim, BYU may seek to rely on Mr. Norviel's opinion that his hypothetical patents would have been properly issued by the U.S. Patent & Trademark Office ("USPTO") and various foreign patent offices, that they are valid, and that they would have been used (i.e., infringed) by others—including Monsanto, Merck, and every other company developing or selling COX-2 inhibitor drugs. However, as he conceded at his deposition, Mr. Norviel does not possess the technical knowledge of a person of ordinary skill in the relevant field of his hypothetical patents nor the qualifications to file and prosecute patents in any jurisdiction outside of the United States. Thus, as explained more fully in Defendants' Memorandum filed concurrently herewith, Mr. Norviel's technically baseless testimony would contravene the requirements for reliable expert testimony set forth in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

---

[1] Defendants use the term "Pfizer" to refer to Pfizer and its predecessors in interest, including Monsanto Company, the signatory of the Research Agreement.

DATED this 3rd day of April, 2012.

                                    /s/ Brent O. Hatch
                                    Brent O. Hatch
                                    **HATCH, JAMES & DODGE, P.C.**

                                    Richard T. Mulloy
                                    **DLA PIPER LLP (US)**

                                    William F. Lee
                                    **WILMER CUTLER PICKERING HALE
                                      AND DORR LLP**

                                    *Attorneys for Pfizer, Inc., G.D. Searle LLC, and
                                    Pharmacia Corporation*